OPINION
{¶ 1} Earl Manley appeals from the judgment of the Dayton Municipal Court wherein the court awarded Raymond Gray $4012.04 upon a certain oral contract between the parties.
 {¶ 2} This litigation began when Manley brought an action in the Small Claims Division of the municipal court seeking $3000 from Gray for money allegedly due upon a loan and for damages allegedly suffered for stolen automobile parts. Gray answered and denied owing Manley the money claimed and he counterclaimed seeking $13,440 for restoration work he alleged he performed on four cars owned by Manley.
 {¶ 3} The matter was then transferred to the general division of the court and Manley then dismissed his complaint against Gray. The matter proceeded to a damages hearing when Manley failed to answer Gray's counterclaim. The trial court then entered the decision on the matter tried to the court:
 {¶ 4} "This matter was originally filed as a small claims action by the plaintiff and transferred to the regular docket by the defendant. The defendant filed an answer and counterclaim. On the day of the trial, the plaintiff dismissed his complaint and the trial proceeded on defendant's counterclaim. The two parties testified and most of their testimony was in conflict with each other. However from the testimony it is clear that the parties entered into an oral agreement for the defendant to perform some work restoring automobiles belonging to the plaintiff.
 {¶ 5} "The defendant, in his counterclaim and testimony, claims the plaintiff was to pay him $15 an hour and he was to be paid upon completion. However the defendant had surgery and developed a nerve problem so was unable to complete the work.
 {¶ 6} "The defendant claims he completed three fourths of the restoration on a 1970 Nova. He testified he did no work on the 1965 Dodge because of his surgery but that he did some work on the 1968 Barracuda. The defendant provided no documentation of the dates and times that he worked on the vehicles other than his testimony that he started working on cars around January 20, 2000 and stopped working on them the last week of June, 2000. He would work on them at night after coming home from his regular employment. He testified he worked a total of 460 hours on all cars, but provided no documentation.
 {¶ 7} "On the other hand, the plaintiff testified that the verbal agreement was for $10 an hour and that the defendant did very little work on the cars.
 {¶ 8} "From credible testimony it is clear that the defendant performed some work, but it is unclear as to the exact amount of time expended. Further it is clear that the defendant expended some funds for parts ($532.04 defendant's exhibits A, C.D.)
 {¶ 9} "Although the oral contract was not completed the court finds that the defendant is entitled to recover for his expenses and for work done on the vehicles. Although the defendant testified he worked 460 hours on all cars, he had testified at one point he did some work on the Dodge Barracuda while at another time testifying that he spent 112 hours on the Barracuda.
 {¶ 10} "The court finds that the parties had an oral agreement for $10 an hour and that the defendant performed at least 348 hours of labor on the vehicles. Further the defendant purchased parts for the vehicles for a cost of $532.04.
 {¶ 11} "Therefore the court finds that the defendant is entitled to recover from the plaintiff on his counterclaim the sum of four thousand twelve dollars and four cents ($4012.04) plus interest at 10% per annum from date of judgment and costs."
 {¶ 12} Manley has filed a "brief" with this court which essentially alleges that the trial court erred in entering the judgment in Gray's favor because Gray lied throughout his testimony. Manley has filed a transcript with this court and we are confined to those matters found therein. We cannot consider Manley's statements in his brief which are not supported by trial testimony.
 {¶ 13} Gray testified that he entered into an oral agreement to restore four old cars for Manley at fifteen dollars per hour. Gray said he worked on the cars seven hours a day and essentially completed the work requested on three of them. Gray said he couldn't begin work on one of the cars because he had to have surgery on his left arm.
 {¶ 14} Manley testified that he did enter into the oral agreement but that Gray agreed to do the work for ten dollars an hour. Manley said that Gray only worked on the 1970 Chevy Nova and he did a bad job at that. Manley said Gray basically stripped the other cars of their parts.
 {¶ 15} Judgments supported by some competent and credible evidence will not be reversed in the court of appeals as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279. The trial court is of course in the best position to assess the credibility of the witnesses. The trial court chose to believe some of the testimony given by both parties. Gray had some documentation to support his purchases of car parts and the court chose to believe Gray had expended 348 hours of labor on Manley's automobiles. Gray recovered less than a third of the damages he sought in his complaint. We cannot say the judgment of the trial court was against the manifest weight of the evidence. The judgment of the trial court is Affirmed.
FAIN, P.J., BROGAN and WOLFF, JJ., concur.